| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| | Case No:    19-32789 |
| Northeast New Jersey Legal Services<br>By: Neil J. Fogarty, Esq. 021701976<br>574 Summit Avenue<br>Jersey City, N.J. 07306<br>201 792 6363 ext 3236<br>nfogarty@lsnj.org<br>Attorneys for Debtor Douglas Heidt | Chapter:    13<br><br>Adv. Pro.    19-02294 |
| In re Douglas J. Heidt,<br>        Debtor | Hearing Date: June 29, 2021<br>Judge:    RG |
| Douglas J. Heidt,<br>        Plaintiff<br>    vs.<br>BV001 REO Blocker LLC and<br>U.S. Bank as Custodian for BV Trust 2015-1,<br>        Defendants | **BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Oral argument requested** |

## Summary

The Defendant, BV001 REO Blocker LLC ("BV001"), has made a motion to dismiss the Complaint of Douglas Heidt because BV001 feels that more documents should have been produced in discovery. Mr. Heidt produced all documents which he possessed, including all bank statements for the periods requested in 2019-2020. Back in 2019, after paying in cash, Mr. Heidt routinely discarded his receipts for his normal living expenses, such as grocery and drug store receipts. Mr. Heidt cannot produce documents he does not have. BV001 did not cite any authority for the unsound proposition that a litigant can be sanctioned for not producing documents which are not in his "possession, custody or control." F.R.Civ.P. 34(a)(1). Further, BV001 did not file a memorandum of law, as is required by D.N.J. LBR 9013-1(a)(3).

1

To the extent that BV001 argues that Mr. Heidt has no debts, BV001 asserts a falsehood, disproved by documents. Mr. Heidt's Certification and Exhibits document the $38,807.68 of debts he owed on September 18, 2019, the date his house was transferred to BV001. The parties agree that $35,746.99 was the amount needed on September 18, 2019 to redeem 3 Barber Street, Little Falls, from tax-sale foreclosure. As to the 11 smaller debts, we have attached proof in Exhibit 3 of two judgments, a municipal court fine and 8 other bills owing on September 18, 2019. On that transfer date, Mr. Heidt had $38,807.68 of debts, which exceeded the amount of Mr. Heidt's property, all of which was exempt. 11 US.C. 101(32) defines "insolvent" as the financial condition when the sum of debts is greater than the debtor's nonexempt property. Mr. Heidt "became insolvent as the result of the transfer" hence 11 U.S.C. 548(a)(1)(A) is satisfied. The transfer of a house worth $220,000 for a $35,746.99 tax lien was "less than a reasonably equivalent value," hence both elements of 11 U.S.C. 548 have been satisfied.

We respectfully request that the motion of BV001 be denied. Mr. Heidt will move for summary judgment in a separate motion.

**Statement of Facts**

The Certification of Douglas Heidt and Exhibits prove the following facts, *see* the numbered paragraphs in the Certification:

1. Mr. Dougls Heidt is the debtor and the plaintiff in this adversary proceeding.

2. Mr. Heidt sent to counsel for BV001 REO Blocker LLC (BV001) all the requested documents which he possessed regarding his debts, his bills and his bank statements.

3. Mr. Heidt does not have any further documents from the time requested (2019-2020) to send to BV001.

4.  Mr. Heidt did not keep his receipts for cash purchases in grocery stores, drug stores and routine living expenses in 2019.

5.  Mr. Heidt's practice in 2019 was to discard such receipts after the purchase was made.

6.  Few people would possess their grocery-store receipts from 2019.

7.  Mr. Heidt's bankruptcy Schedule J (Expenses) filed on December 6, 2019, was a budget in which he estimated his monthly expenses going forward, based upon his best recollection of average monthly living expenses, most of which vary month to month, and most of which Mr. Heidt paid in cash. Schedule J was not based on particular documents, hence there are no further documents in existence to send to BV001 about Schedule J expenses.

8.  The Bankruptcy Court uses in its "Means Test" the standards of the Internal Revenue Service for necessary living expenses.

9.  Exhibit 1 shows that the Internal Revenue Service has determined for the Bankruptcy Means Test, that in 2019 a single person in Passaic County, N.J. needed **$1,563** per month for necessary living expenses.

10.  Mr. Heidt's income in September and December 2019 was only **$1,270**/month from Social Security Disability (He is blind in one eye, and has poor vision in the other eye) and $15 in food stamps. See Mr. Heid's Bankruptcy Schedule I.

11.  Mr. Heidt had less monthly income in 2019 than the $1,563 which Internal Revenue Service states is the minimum income needed for necessary living expenses in Passaic County, N.J., hence Mr. Heidt was spending all his income on these living expenses, and sometimes spending more than $1,270 due to short term borrowing.

12.  Each month in 2019 Mr. Heidt withdrew $1,000 from his Social Security benefits shortly after it was deposited, and spent it on necessary living expenses, usually paying in cash. Mr.

Heidt also repaid short-term small loans from friends, which were used to carry him from the day when this cash ran out, until the time when the next Social Security check arrived.

13. Mr. Heidt has never been able to accumulate savings from his Social Security check.

14. At the time of the September 18, 2019 transfer of his house, 3 Barber Street, Little Falls, Mr. Heidt had **$23.84** in his bank account at Valley Bank. Exhibit 2.

15. The Bankruptcy law is intended to help persons like Mr. Heidt who do not have enough money to pay all their debts.

16. Mr. Heidt filed his bankruptcy petition and his Chapter 13 Plan in good faith: A person with $1,270 per month Social Security, who no longer can afford the expenses of homeownership, and who proposes to sell the house in a Chapter 13 Plan, and pay all his debts 100%, is exactly the person that bankruptcy chapter 13 is intended to protect.

17. This adversary case is about whether Mr. Heidt's debts on September 18, 2019 were greater than his nonexempt assets.

18. All of the property which Mr. Heidt had on September 18, 2019 is exempt property. See Amended Schedules A, B and C. As of September 18, 2019 Mr. Heidt had $845 in personal property, plus $50 cash on hand. However since all his personal property was exempt, (Bankruptcy Schedule C), and Mr. Heidt did not have legal title to 3 Barber Street after that date, his assets, being exempt property, are counted as 0.00 for purposes of this case.

19. In determining whether Mr. Heidt's debts are greater than his assets (zero), it follows that if Mr. Heidt had even one debt on September 18, 2019, that he would be insolvent, because the amount of his debts would be greater than his non-exempt assets.

20. As of September 18, 2019 Mr. Heidt had twelve debts:

a.  $35,746.99 tax-lien redemption amount owing either to the Tax Collector of Little Falls (added to creditor list), or to BV001 REO Blocker LLC. This is a secured claim attached to the house, 3 Barber Street, which remains in Mr. Heidt's possession.

$35,746.99 is the amount which BV001 asserted in their Answer to the Amended Complaint, paragraph 22, was the amount needed to redeem the real-estate-tax lien on 3 Barber Street, Little Falls, as of September 18, 2019. Since the parties agree the amount needed for tax-lien redemption was $35,746.99 on September 18, 2019, this is an important undisputed fact.

b.  Mr. Heidt also had the following debts which were unpaid on September 18, 2019, and on which Mr. Heidt has not made any payments subsequent to that date, due to low income:

| | |
|---|---|
| Anthony Campagna judgment | $233.85 |
| Baldi & Marotta | $150.00 |
| Emergency Associates Montclair | $48.58 |
| Public Defender judgment/FAMS | $250.00 |
| Hackensack UMC At Mountainside | $1,315.91 |
| Highland Physician Service | $49.39 |
| James P. Morgan, LLC. | $20.45 |
| Little Falls Municipal Court | $709.00 |
| New Jersey American Water | $218.49 |
| Ramapo Valley Anesthesia Associates | $41.62 |
| United Telemanagement Corp. | $23.40 |

21. The suggestion that Mr. Heidt manufactured these debts is untrue. The Court can see the actual bills, statements, and two outstanding judgments. Exhibit 3. These smaller debts add up to

$3,060.69. If you add the smaller debts to the agreed tax-lien redemption amount ($35,746.99), then the total of Mr. Heid's debts on September 18, 2019 was $38,807.68.

22.     BV001 supplied to us the Little Falls Municipal Court statement of 02/25/2021. Since this statement relates to a "2018" case, the 2021 Municipal Court statement sent by BV001 confirmed that the $709, which was owing in 2018 to the Little Falls Municipal Court, was still owing in 2021, see attached statement in Exhibit 3.

23.     If any of these creditors are not actively pursuing their claims in 2021, that does not change the fact that Mr. Heidt owed these debts on September 18, 2019. Exhibit 4 shows two creditors which acknowledged that their debt existed, but are not pursuing it now. Exhibit 5 shows that the 2017 judgment of the N.J. Public Defender, was paid on May 4, 2021 by a State offset against my Homestead benefit. However all these debts were owing on September 18, 2019, the date of the transfer.

24.     The above eleven small creditors were all notified in March 2020 by the Clerk of the Bankruptcy Court that a proof of claim had been filed for their debt. Case 19-32789 Docket numbers 14 to 37. No creditor (except BV001) filed any objection in the U.S. Bankruptcy Court to a proof of claim. We doubt that any creditor, when eventually paid by the Trustee, will send the check back to the Bankruptcy Trustee.

25.     When BV001 sent its subpoenas to his creditors, BV001 did not send any creditor a copy of their bill to confirm or deny. This intentional omission would make it difficult for the creditors to find a debt of Mr. Heidt.

Point I

THE DEFENDANT CITES THE WRONG TEST OF INSOLVENCY

Brent Cunningham, employee of BV001, is under a mistaken belief that a debtor must prove an inability to pay his debts as they become due in order to file a bankruptcy petition or to prove a section 548 claim, *see* Cunningham Certification, paragraphs 30 to 33. No law is cited, because there is no such law, and that is not the definition of insolvency in the Bankruptcy Code.

First, there is no requirement in the Bankruptcy Code that a debtor be insolvent in order to file a petition. "It is well established that a debtor need not be insolvent before filing for bankruptcy protection." *In re SGL Carbon Corp.*, 200 F.3d 154, 163 (3d Cir. 1999). There would never be any feasible Chapter 13 payment plans if Chapter 13 were open only to debtors who had an inability to pay debts. Congress in 11 U.S.C. 1322 stated "The debtor shall file a plan." Congress intended that: "Chapter 13 is designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor."  S. Rept. No 95-989 to accompany S. 2266, 95th Cong. 2d Sess.(1978) p.141.

Second, the Bankruptcy Code defines term "insolvent" in 11 U.S.C. 101(32):

The term "insolvent" means-
(A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of-
    (i)    Property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and
    (ii)   Property that may be exempted from property of the estate under section 522 of this title;

Thus the bankruptcy test of insolvency for section 548 claims is to compare the debtor's debts, here $38,807.68, with his non-exempt property, here zero. Mr. Heidt "became insolvent as a result of such transfer" 11 U.S.C. 548, when his house, worth $220,000  was transferred to BV001 on September 18, 2019.

7

BV001's inquiries as to Mr. Heidt's Schedule J Expenses are irrelevant, because the test of insolvency for section 548 is not 'income vs. expenses.' The correct test of insolvency is debts compared to non-exempt assets. 11 U.S.C. 101(32).

Point II

A LITIGANT CANNOT BE COMPELLED TO PRODUCE DOCUMENTS
WHICH ARE NOT IN HIS POSSESSION

A litigant, like Mr. Heidt, who certifies under penalty of perjury that he does not possess certain documents cannot be compelled to produce documents not in his "possession, custody or control." F.R.Civ.P. 34 (a)(1). "As an initial matter, is axiomatic under Fed.R.Civ.P. 34 that a party is not required to produce documents that are not in its possession, custody, or control. See Fed.R.Civ.P. 34(a)(1). By all indications, [responding party] have produced all of the responsive documents their possession, custody or control; the Rules do not permit [requesting party] anything further." *Davis v. Rossell*, No. CV134616 PGS DEA, 2015 WL 5921043, at *1 (D.N.J. Oct. 9, 2015).

Mr. Heidt produced all his bank statements. He does not possess 2019 receipts for cash purchases of groceries, household supplies and the like. It is no mystery what Mr. Heidt does when he withdraws $1,000 out of his $1,270 Social Security Disability benefit: Mr. Heidt uses the cash to pay his living expenses. Heidt Cert. paras. 12-16. The Internal Revenue Service standard for necessary living expenses, used in the Bankruptcy Code means test, states that a single person living in Passaic County New Jersey in 2019 needed **$1,563** for necessary living expenses. (Exhibit 1)  Mr. Heidt's **$1,270** plus $15 food stamps was not enough.

Contrary to the assertion of Mr. Cunningham (para 37), Mr. Heidt will not need a discharge in bankruptcy after full payments of his debts. Mr. Heidt in good faith filed a chapter 13 petition with a Plan to pay his debts in full by a sale of the house. The use of bankruptcy

8

avoiding powers to recover a house from New Jersey tax-foreclosure judgment, to be restored into the bankruptcy estate, then sold to pay debts, has been approved in *In re Hackler & Stelzle-Hackler,* 938 F.3d 473 (3d Cir. 2019)(Section 547) and *In re Kopec*, 621 B.R. 621, 625 (Bankr. D.N.J. 2020)(Section 548). In this *Douglas Heidt* adversary proceeding, Judge Gambardella allowed our debtor to amend his Complaint to assert a similar claim under section 548. Opinion, March 9, 2021, Docket 31.

Point III

DOUGLAS HEIDT HAD $38,807.68 OF DEBTS ON SEPTEMBER 18, 2019

Curiously, the BV001 Certification does not mention the $35,746.99 debt which BV001 agreed (BV001 answer to Amended Complaint, para 22) was the amount needed to redeem 3 Barber Street, Little Falls, from tax sale foreclosure on September 18, 2019. "The term "debt" means a liability on a claim." 11 U.S.C. 101(12). An *in rem* debt is a "claim" in bankruptcy which can be paid in a Chapter 13 Plan intended to save a house from foreclosure. *Johnson v. Home State Bank*, 501 U.S. 78, 85 (1991). "In other words, the court must allow the claim if it is enforceable against either the debtor or his property." *Johnson v. Home State Bank*, 501 U.S. 78, 85 (1991). The 11 U.S.C. 101(5) definition of "claim" includes a "right to payment," and Congress intended "the broadest possible definition" of "claim:"

> The definition also includes as a claim an equitable right to performance that does not give rise to a right to payment. By this broadest possible definition, and by the use of the term throughout title 11, especially in subchapter I of chapter 5, the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy court.
> H. Rept. 95-595 to accompany H.R. 8200, 95th Cong., 1st sess. (1977) p 308-314.

Since Mr. Heidt had possession of 3 Barber Street, a property interest protected by the Bankruptcy Code, *In re Atlantic Business & Community Corp.*, 901 F.2d 325, 328 (3d Cir.

9

1990), the $35,746.99 redemption amount of the tax lien was a "claim" and a "debt" which can be paid in his Chapter 13 Plan. *Johnson v. Home State Bank, supra.* Mr. Heidt can redeem by paying the tax collector of Little Falls (a listed creditor) the redemption amount then applicable when the house is eventually sold under his Chapter 13 Plan.

Mr. Heidt has eleven smaller debts adding up to $3,060.69. We have submitted the actual statements and judgments. Heidt Exhibit 3. Mr. Heidt's exhibits show that two of the creditors hold judgments: Anthony Campagna, DJ 154595-12 (2012) and N.J. Public Defender PD118113-17 (2017). Judgments in New Jersey are enforceable for twenty years. N.J.S.A. 2A:14-5. The parties are both agreed that a $709 debt to Little Falls Municipal Court, owing on a 2018 fine, is still unpaid in 2021. Cunningham Cert. para 26, Heidt Exhibit 3.3. The Baldi and Marotta receipt shows that on September 3, 2019 a balance of $150 was due. Heidt Exhibit 3. This is fifteen days before the transfer date of September 18, 2019. If the Baldi firm chooses in 2021 not to pursue the claim, Exhibit 4, that does not alter the fact that the $150 debt was owing on September 18, 2019. Likewise the United Telemanagement company admits that their debt was owing, but on 2/23/2021 decided not to pursue it, because Mr. Heidt filed bankruptcy. Exhibit 4. Mr. Cunningham's assertion (para 20) that an unnamed person at Hackensack University Medical Center told him that the Mountainside/HUMC debt was "fully paid," is hearsay, thus is not admissible evidence to contradict the $1,315.91 bill which Mr. Heidt certifies he did not pay.

In sum, since all his property was exempt, if Mr. Heidt had *even one debt* on September 18, 2019, the date of the transfer, then he was insolvent pursuant to 11 U.S.C. 101(32) and 548. BV001 cannot truthfully deny that Mr. Heidt had unpaid debts on that date.

As to debts accruing after the December 6, 2019 date when Mr. Heidt's petition was filed, BV001 paid several of the 2020 real estate tax bills. See BV001's  File Exhibits A-H.pdf, p. 118, showing two payments,  made by BV001, of $1,118.92 each. There may have been other payments for 2019 as well.  However BV001, the current title owner of 3 Barber Street, has not paid four quarters of 2020-2021 real estate tax bills. Mr. Heidt would remedy this by sale: after the property is transferred back into his bankruptcy estate, 3 Barber Street would be sold, and all real estate liens and current taxes would be paid in the closing to the Little Falls Tax Collector, who would reimburse BV001 according to New Jersey law.

Conclusion

Since BV001 seeks the impossible, to compel production of documents discarded in the normal course in 2019, we respectfully request that the Court deny the Defendant's motion. We request that the Court not allow the delaying tactics of BV001 to stall this adversary proceeding, to delay the day of judgment. Mr. Heidt will file a motion for Summary Judgment to bring resolution to this Adversary Proceeding.

Respectfully submitted,

June 18 2021

/s/Neil Fogarty, Esq.
Northeast New Jersey Legal Services
574 Summit Avenue
Jersey City, N.J. 07306
201 792 6363 ext 3236
nfogarty@lsnj.org
Attorneys for Plaintiff Douglas Heidt