| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Northeast New Jersey Legal Services<br>By: Neil J. Fogarty, Esq. 021701976<br>574 Summit Avenue<br>Jersey City, N.J. 07306<br>201 792 6363 ext 3236<br>nfogarty@lsnj.org<br>Attorneys for Debtor Douglas Heidt | Case No:       19-32789<br><br>Chapter:        13<br><br>Adv. Pro.      19-02294 |
| In re Douglas J. Heidt,<br>         Debtor | Judge:           RG |
| Douglas J. Heidt,<br>         Plaintiff<br>    vs.<br>BV001 REO Blocker LLC, Virgo Management CT LLC, dba Virgo Management LLC, U.S. Bank as Custodian for BV Trust 2015-1, and Township of Little Falls,          Defendants | **SUPPLEMENTAL AUTHORITY**<br><br>*Duvall v. County of Ontario*, *New York* |

    Plaintiff Douglas Heidt respectfully requests permission to call the Court's attention to a recent decision of the Second Circuit Court of Appeals as to the proper remedy when 11 U.S.C. 548 is used by the debtor to avoid a tax-sale foreclosure.

    *Duvall v. County of Ontario*, *New York*, ___F.4ᵗʰ ___, 2023 WL 6323123 (2d Cir. September 29, 2023) rejects the creditor's suggestion that the homeowner's remedy under section 548 is limited to her homestead exemption, holding:

> But that defense is now unavailable in light of *Tyler v. Hennepin County,* 598 U.S. 631, 143 S. Ct.1369, 1380, 215 L.Ed.2d 564 (2023), which held that there is an unconstitutional taking in violation of the Takings Clause when a county keeps surplus funds accrued from tax foreclosure.
>
> We accordingly decline to disturb the Bankruptcy Court's decision to avoid the transfer as the appropriate remedy.

In *Duvall, supra*, the Bankruptcy Court avoided the tax-sale foreclosure by transferring *title to the real estate* back to the Chapter 13 debtor. That remedy was also approved in *In re Hackler & Stelzle-Hackler*, 938 F.3d 473 (3d Cir. 2019) and *Gunsalus v. County of Ontario, New York*, 37 F.4th 859 (2d Cir. 2022), cert. den. 143 S.Ct. 447 (Nov. 21, 2022).

The New Jersey Attorney General has declined to intervene in this case, *see* Adv Pro 19-02294 Doc 72, passing up an opportunity to defend the constitutionality of the N.J. Tax Lien Law after *Tyler v. Hennepin County*. Therefore this Court is now free to rule that the Tax Lien Law worked an unconstitutional 'taking' of Mr. Heidt's home equity.

We respectfully request that the Court follow *Hackler, Gunsalus* and *Duvall, supra,* avoiding the tax-lien transfer of Mr. Heidt's title interest, and restoring 3 Barber Street, Little Falls to Mr. Heidt and his bankruptcy estate.

               Respectfully submitted,

               */s/Neil Fogarty, Esq*.
               Northeast New Jersey Legal Services
               Attorneys for Douglas Heidt

cc:

Adam D. Greenberg, Esq.
Honig & Greenberg, LLC
1949 Berlin Road, Ste 200
Cherry Hill, N.J. 08003
Attorneys for BV001 REO Blocker LLC